Timothy M. McClusky, Esq. Informal Opinion No. 99-39 Town Attorney Town of Sandy Creek P. O. Box 697 Sandy Creek, New York 13145
Dear Mr. McClusky:
You have asked whether the Town Supervisor of the Town of Sandy Creek also may serve as the Town Librarian. You have informed us that the Town Board appoints the Library Board, which in turn selects the Librarian and determines the Librarian's salary. The Town Board also budgets a certain sum each year for the Library. We believe the two positions are incompatible.
The leading case on compatibility of offices is People ex rel. Ryan v.Green, 58 N.Y. 295 (1874). In the absence of a constitutional or statutory prohibition against dual office holding, one person may hold two offices simultaneously unless they are incompatible. Id. The Court of Appeals held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the duties of the two offices.
Even where positions are compatible, a conflict of interest may arise with respect to particular matters. In many instances, conflicts can be avoided by declining to participate in the disposition of the particular matter.
In a prior opinion, we concluded that the office of Town Supervisor is incompatible with the position of Town Code Enforcement Officer because one position is subordinate to the other. 1987 Op Atty Gen (Inf) 167. We noted that the Supervisor is a member of the Town Board and that the Board oversees Town employees, sets their compensation and assesses their performance.
In the situation you describe, the Town Librarian is one step removed from direct supervision by the Town Board. Nonetheless, in our view the positions are incompatible. As a member of the Town Board, the Supervisor votes on appointments to the Library Board, whose members would appoint and supervise him and determine his compensation as Town Librarian. The Supervisor also participates in determining the amount of funding the Town will contribute to the Library each year. Also, the Library Board, because of its dependence on the Town Board for resources and appointment of its members, may be unable to supervise the Librarian impartially. At the very least, service in both positions would create the appearance of a conflict of interest, which must be avoided to maintain public confidence in the integrity of government.
Even if the Supervisor were to recuse himself from participating in matters affecting the Library, his colleagues on the Town Board would determine the budget of the Library and appoint its governing body. These actions would affect funds available for the Librarian's salary and other benefits and determine his supervisors. The impartiality of the Town Board in making these decisions affecting the Supervisor as Librarian would not be free from doubt. Therefore, recusal is not an adequate remedy.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions